UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00454-MR

| | |
|---|---|
| GERALD DAMONE HOPPER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> GARRY L. MCFADDEN, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on its own motion on the return of mail sent by the Clerk to Plaintiff as undeliverable. [Doc. 22].

Pro se Plaintiff Gerald Damone Hopper ("Plaintiff") filed this action on August 31, 2022, pursuant to 42 U.S.C. § 1983, against Defendants McFadden, LeBliss, Wellpath, and Walters. [Doc. 1]. Plaintiff's claims against Defendants McFadden, LeBliss, and Walters survived initial review in accordance with the Court's Order and Defendant Wellpath was dismissed for Plaintiff's failure to state a claim for relief. [Doc. 8]. On October 13, 2022, Plaintiff filed an Amended Complaint adding Defendant FNU Friday as a Defendant. [Doc. 11]. Plaintiff's Amended Complaint survived initial review in accordance with the Court's Order. [See Doc. 17]. The Clerk mailed Plaintiff a copy of this Order to the address listed in the docket in this matter

at Mecklenburg County Jail ("Jail"). [11/10/2022 (Court only) Docket Entry]. This document was returned as undeliverable, and the envelope was marked "Return to Sender." [Doc. 22]. The Jail Inmate Inquiry Website shows that Plaintiff was released on October 25, 2022. Also, the NCDPS Offender Search Website shows Plaintiff's status there as "inactive." Therefore, it appears that Plaintiff has been released from the Jail. Plaintiff, however, has not notified the Court of any change of address.

Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a pro se plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Before dismissing this action for failure to prosecute, the Court will give Plaintiff fourteen (14) days in which to notify the Court of his updated address.

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff has fourteen (14) days from this Order to notify the Court of his new address. Plaintiff's failure to timely notify the Court will result of dismissal of this action without prejudice and without further notice to Plaintiff.

**IT IS SO ORDERED**.

Signed: November 28, 2022

Martin Reidinger
Chief United States District Judge