UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22cv-00454-MR

| GERALD DAMONE HOPPER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| GARRY L. MCFADDEN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Defendant Roshaunda Friday's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). [Doc. 31].

**I. BACKGROUND**

Pro se Plaintiff Gerald Damone Hopper is a convicted federal prisoner currently detained at the Gaston County Jail in Gastonia, North Carolina, for a supervised release violation. [See Criminal Case No. 3:95-cr-00119-MOC-SCR, Docs. 265, 270]. He filed this action on August 31, 2022, claiming that his medical needs were not being properly addressed while he was detained at the Mecklenburg County Jail (the "Jail") due to an unconstitutional policy "instituted" by Defendants Gary McFadden, the Sheriff of Mecklenburg County; Mary LeBliss, a medical doctor employed by the Jail; Wellpath,

"health care/medical providers" at the Jail; and Destiny Walters, a physician's assistant employed by the Jail.[1] [Id. at 2-3].

In his original Complaint, Plaintiff alleged, in pertinent part, as follows. On April 11, 2022, Plaintiff was arrested for a "probation violation warrant" and detained in the Jail. [Id. at 4, 6]. After Plaintiff was processed, a nurse "employed by Wellpath contracted by the [Jail]" examined the Plaintiff. Plaintiff told the nurse that he wears a colostomy bag because of a shotgun injury.[2] Plaintiff told the nurse that he had an appointment scheduled with a gastroenterologist at Atrium Health on April 25, 2022, to start the process of colostomy reversal surgery. [Id. at 6]. The nurse told Plaintiff that the Jail does not treat or provide services for colostomy reversal surgery. Then, after a "sick call" request, Plaintiff was seen by Defendant Walters. Plaintiff explained the same April 25 appointment to Defendant Walters, including that the procedure was "long overdue." Defendant Walters told Plaintiff that the Jail has a policy not to treat or provide services for colostomy patients. [Id. at 6]. After filing a grievance to see a doctor, Plaintiff was seen by

---

[1] Plaintiff sued Defendants McFadden and LeBliss in their individual and official capacities, Defendant Wellpath in its official capacity, and Defendant Walters in her individual capacity. Plaintiff originally misidentified Defendant Walters as "Walton." [See Doc. 1 at 1, 3].

[2] In colostomy patients, the end of the colon is attached to a surgical opening in the belly wall, or stoma, and attached to a colostomy bag for removal of waste from the patient's body.

2

Case 3:22-cv-00454-MR   Document 61   Filed 08/17/23   Page 2 of 9

Defendant LeBliss. Plaintiff explained the need for the scheduled appointment for his colostomy to Defendant LeBliss, who responded that the medical department has a policy not to treat or provide services for colostomy surgery. [Id. at 7]. On August 10, 2022, Plaintiff filed a grievance complaining that he was experiencing severe pain around his stoma. On August 16, 2022, Plaintiff filed another grievance, this time complaining about pain and bleeding around his stoma. On August 17, 2022, Plaintiff filed a "sick call" request and a grievance complaining about the same pain and bleeding. As of Plaintiff's original Complaint, Plaintiff had not seen a nurse, physician's assistant, or doctor concerning the grievances. [Id. at 7].

On initial review, the Court found that Plaintiff's Fourteenth Amendment deliberate indifference claims against Defendant McFadden in his official capacity and against Defendants Walters and LeBliss in their individual capacities were not clearly frivolous and allowed them to proceed. [Doc. 8]. Plaintiff's remaining claims and Defendant Wellpath were dismissed. [Id.].

On October 13, 2022, before summons against the surviving Defendants issued, Plaintiff filed an Amended Complaint. [Doc. 11; see Doc. 10]. In his Amended Complaint, Plaintiff repeated his original allegations against Defendants McFadden, LeBliss, and Walters, and added Roshaunda

Friday, identified as a Nurse at the Jail, as a Defendant in her individual capacity.³ [See Doc. 11 at 3]. As to Defendant Friday, Plaintiff alleged the following. On September 28, 2022, Plaintiff "filed a grievance and sick-call request complaining about the excruciating stomach pains and the pain and bleeding around the incision of the stoma area…. [T]he same morning, Plaintiff was escorted to the Jail's clinic … [and] examined by [Defendant] Friday and Nurse Pierce." [Id. at 9]. "Plaintiff was told to remove the colostomy bag so they could see the stoma incision." After Plaintiff removed the bag and cleaned the feces from around the stoma incision, "blood was clearly seen on the white gauze and witnessed by both Nurses Friday and Pierce." [Id. at 9, 11]. Defendant Friday said she would make a note of the bleeding in Plaintiff's Chart. [Id. at 9]. "[D]espite witnessing the blood on the gauzes, [Defendant] Friday gave Plaintiff another colostomy bag to place over the bleeding with no ointment or sanitary supplies." [Id. at 11]. Plaintiff "has not seen a Doctor or given anything to clean, treat, or stop the bleeding to date, 10/9/2022." [Id. at 9; see id. at 11].

On initial review of Plaintiff's Amended Complaint, the Court again

---

³ Plaintiff also sought to add claims under the Fourteenth Amendment for violation of his due process and equal protection rights. [Doc. 11 at 11]. These claims were dismissed on initial review of Plaintiff's Amended Complaint for Plaintiff's failure to state a claim upon which relief may be granted. [Doc. 17 at 5-7].

4

allowed Plaintiff's claims against Defendants McFadden, LeBliss, and Walters to survive initial review as provided in the Court's first initial review Order. [Doc. 17 at 4 (citing Doc. 8)]. The Court also allowed Plaintiff's claim against Defendant Friday to proceed "for the same reason as the previously asserted claims against Defendants LeBliss and Walters." [Id.].

On February 28, 2023, Defendant Friday moved to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) for Plaintiff's failure to state a claim for relief. [Doc. 31]. On March 6, 2023, the Court entered its scheduling order, which set the dispositive motions deadline as August 3, 2023. [Doc. 34]. The same day, the Court issued a Roseboro Order advising Plaintiff of his duty and right to respond to Defendant Friday's motion to dismiss. [Doc. 33]. After some delays by the Plaintiff and extensions allowed by the Court, Plaintiff responded to Defendant Friday's motion to dismiss on June 23, 2023. [Doc. 52, see Doc. 39, 43, 47, 49]. In the meantime, Defendant Walters had moved for summary judgment [Doc. 35] and Defendant LeBliss had moved for judgment on the pleadings [Doc. 45]. Recently, on July 31, 2023, Defendant LeBliss also moved for summary judgment [Doc. 56] and Defendant McFadden sought an extension of the dispositive motions deadline to September 5, 2023, which the Court granted

5

[Doc. 58; 8/2/2023 Text Order].[4]  The Court herein addresses only Defendant Friday's motion to dismiss in anticipation of the pending dispositive motions deadline.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,

---

[4] The Court also issued Roseboro Orders on Defendant Walter's summary judgment motion and Defendant LeBliss' motions for judgment on the pleadings and summary judgment. [Docs. 38, 48, 59].

637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, see Revene v. Charles Cty. Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, Papasan v. Allain, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

## III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.[5] Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for

---

[5] Because Plaintiff was a pretrial detainee at the relevant times, his deliberate indifference claims are properly considered under the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); see also Martin v. Gentile, 849 F.2d 863 (4th Cir. 1988) (applying the Fourteenth Amendment to arrestee's deliberate indifference claims). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims, see e.g., Young v. City of Mt. Rainer, 238 F.3d 567, 575 (4th Cir. 2001); Martin, 849 F.2d at 863, and the Court will do so here.

medical care." Young, 238 F.3d at 575-76 (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Here, Plaintiff alleged that Jail policy precluded treatment for colostomy patients, that he was seen by Defendant Friday in response to a sick call complaining of "excruciating stomach pain" and pain and bleeding around his stoma incision, that Defendant Friday witnessed the bleeding, and that Defendant Friday provided Plaintiff with another colostomy bag to place over the bleeding without treatment or provision of sanitary supplies. Thus, Plaintiff's allegations raise the inference that Defendant Friday was aware of Plaintiff's serious medical needs and that, other than allowing Plaintiff to wipe away blood, did not nothing to address or treat them. These allegations, if true, are sufficient to state a facially plausible claim that Defendant Friday is liable for deliberate indifference to Plaintiff's serious medical needs, including if Defendant Friday ignored Plaintiff's serious medical needs pursuant to an unconstitutional policy. See Gordon v. Schilling, 937 F.3d 348, 359-62, n.14 (4th Cir. 2019) (collecting cases regarding liability for creating, implementing, and applying unconstitutional prison healthcare policies and noting that

receiving "*no treatment at all*" may amount to deliberate indifference) (emphasis in original). In any event, the Court declines to dispose of a claim against one healthcare provider Defendant under the circumstances of this case before all potential dispositive motions are ripe, including any such motion filed by Defendant McFadden. The Court, therefore, will deny Defendant Friday's motion to dismiss under Rule 12(b)(6).

## IV. CONCLUSION

In sum, for the reasons stated herein, the Court will deny Defendant Friday's motion to dismiss Plaintiff's Amended Complaint.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Friday's Motion to Dismiss [Doc. 31] is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 17, 2023

Martin Reidinger
Chief United States District Judge